IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDERIC ROUYER, *et al.*
    Plaintiffs,
  v.    *   CIVIL ACTION NO. ELH-17-2870

MARGARET BOZGOZ, *et al.* *
    Defendants.
\*\*\*\*\*

## **MEMORANDUM**

On September 27, 2017, self represented litigants Robert and Margaret Bozgoz, "service disabled veterans" (ECF 1 at 3), filed a Notice of Removal (ECF 1) as to litigation initiated in the Circuit Court for Anne Arundel County, Maryland on February 9, 2017 by Frederic Rouyer, a resident of Oman. *See Rouyer v. Bozgoz, et al.,* Case No. C-02-CV-17-000403. Royer alleged breach of a lease agreement by the defendants. Suit was served on the Bozgozes in March 2017. Thereafter, they filed a counterclaim on March 28, 2017, which they later amended. It appears that the State case was closed on October 2, 2017.[1]

In particular, the Bozgozes filed a counterclaim against Rouyer and his wife, Nathalie Rouyer; Robert J. Frances, Director of the Howard County Department of Inspections, Licenses, and Permits ("DILP"); and Samuel "Wayne" Killebrew, a retired rental housing inspector. However, it does not appear that Killebrew has been served. Moreover, summonses were issued to Howard County Executive Allen Kittelman and Howard County Solicitor Gary Kluc (ECF 3), although they do not appear to be named as counterdefendants.

---

[1] The Court may take judicial notice of matters of public record. *See* Fed. R. Evid. 201; *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). The Complaint identifies Frederic Rouyer as the sole plaintiff. *See* ECF 9-2. However, the Bozgozes indicate that Natalie Rouyer is also a plaintiff. In the record, Ms. Rouyer's first name is sometimes spelled as "Nathalie."

The Notice of Removal was accompanied by about 100 pages of exhibits in paper form. Notably, it does not appear that the Bozgozes filed the underlying Complaint, as required by 28 U.S.C. § 1446 (requiring the defendant who removes a case to file "a copy of all process, pleadings, and orders . . . in such action"). Fortunately, the plaintiff has provided the Court with a copy of the underlying State Complaint. *See* ECF 9-2.

The Notice of Removal and the civil cover sheet filed by the Bozgozes indicate that they are relying on both diversity and federal question jurisdiction under 28 U.S.C. §§ 1332 and 1331 to support removal. They assert, *inter alia*, violations of their due process rights; the "Americans With Disability Act Amendments of 2008" ("ADA"); the "Americans With Disability Act of 1990"; the "Rehabilitation Act of 1973"; the Racketeer Influenced and Corrupt Organizations Act ("RICO"); the "Federal Trade Commission Act"; the Health Insurance Portability and Accountability Act ("HIPAA"); the Fair Debt Collection Practices Act, and a host of other laws. ECF 1 at 3.

On October 19, 2017, counterdefendant Frances filed a motion to dismiss or, in the alternative, to remand (ECF 7), supported by a memorandum. ECF 7-1. Plaintiff Frederic Rouyer filed a motion to remand on October 26, 2017. ECF 9. It is supported by a Memorandum (ECF 9-1) and exhibits. The Bozgozes have filed oppositions to both motions. *See* ECF 10 (opposition to Frances); ECF 11 (Opposition to Rouyer).

No hearing is necessary to resolve the motions. *See* Local Rule 105.6. Upon review of the parties' submissions and exhibits, and for the reasons stated below, the court shall remand the case to the Circuit Court for Anne Arundel County.

## I. Background

The matter is rooted in a Lease Agreement (the "Lease") dated February 4, 2013, between

PFC Management, Inc. ("PFC"), as agent for Rouyer, as the landlord, and the Bozgozes, as tenants, with respect to property located in Columbia, Maryland (the "Property"). ECF 9-2, ¶ 5; ECF 9-2 at 6-19 (the "Lease"). The Lease provided that the Bozgozes, as tenants, would pay $3,000.00 per month as rent for the Property. ECF 9-2, ¶ 6.

As noted, on February 9, 2017, Rouyer filed a breach of contract action against the Bozgozes in the Circuit Court for Anne Arundel County. *See* ECF 9-2, case number C-02-CV-17-000403. Numerous exhibits were appended to the suit. Rouyer alleged that the Bozgozes defaulted on their obligations under the Lease. According to Rouyer, for the period between February 2013 and August 2015, the Bozgozes owed the sum of $62,512.35 in unpaid rent due under the Lease. *Id.* Further, plaintiff claimed that a payment by the Bozgozes on April 14, 2014, totaling $1,500.00, constituted their last rent payment. *Id.* ¶ 22.

The Bozgozes complained about mold and other conditions in the basement in the Property. *Id.* ¶ 23. Moreover, the paper submissions provided by the Bozgozes reflect that they filed suit against the Rouyers in the District Court for Howard County, Maryland, Case 1001SP005702015. That case appears to have been a rent escrow action.

In the Anne Arundel County case, the Bozgozes were served by Rouyer on March 3, 2017. As noted, they filed a counterclaim on March 28, 2017 (ECF 1 at 3) alleging, *inter alia*, a host of violaitons, including RICO violations; HIPAA violations; and ADA violations.

On or about June 15, 2017, Frances moved to dismiss the State counterclaim. *See* Anne Arundel Circuit Court Docket ("Docket"). Rouyer claims that Frances's motion was granted on August 24, 2017. ECF 9-1 at 2. And, in August 2017, Rouyer, too, moved to dismiss the State counterclaim. Docket. On or about September 18, 2017, while Rouyer's motion was pending, the

Bozgozes amended their counterclaim. *See* Docket. Then, on or about September 28, 2017, they filed the Notice of Removal, based on their counterclaim. ECF 1.

## II. Discussion

In their Notice of Removal, the Bozgozes complain that their constitutional rights have been violated due to the alleged violations of a panoply of federal statutes.

Section § 1441(a) of 28 U.S.C. provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction , may be removed by the defendant or the defendanrs, to the district court of the United States for the district and division embracing the place where such action is pending.

Title 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

In 28 U.S.C. § 1446(b)(1), Congress set forth the period during which a defendant may remove a pending action from state to federal court. That statute specifies (emphasis added):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, *or* within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, *whichever period is shorter.*

Thus, removal of a case is subject to specific time limits. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of

4

removal." 28 U.S.C. § 1446(b)(2)(B). This provision, enacted as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"), Pub. L. No. 112-63, § 103, 125 Stat. 758, 760, gives each defendant in an action 30 days from service to initiate removal, codifying the "Last-Served Defendant Rule" that had been adopted by some, but not all, circuit courts before enactment of the JVCA.

Rouyer argues, *inter alia*, that removal was untimely. ECF 9-1 at 7. I agree. The removal occurred more than six months after the action was initiated in state court and five months after service was returned as effectuated on the Bozgozes in March 2017. Therefore, the Notice of Removal was untimely filed. But, the untimeliness of the removal is hardly the only defect.

Courts are required to construe removal statutes narrowly. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). This is because "the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union,* 640 F.3d 599, 605 (4th Cir. 2011) (abrogated in part on other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)); *see Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock,* 313 U.S. at 108–09). Indeed, a federal court "should construe removal statutes narrowly, [with] any doubts...resolved in favor of state court jurisdiction." *Barbour,* 640 F.3d at 617; *see also Cohn v. Charles*, 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

A civil action filed in a state court may be removed to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Thus, a state court action that could have been filed in federal court may be removed. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

5

(1987). The burden of demonstrating jurisdiction and propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 815 (4th Cir. 2004); *see also McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010); *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Therefore, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The Bozgozes fail to meet their burden.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Further, a federal court must presume that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006).

It is a hornbook principle of federal jurisdiction that "for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed. The federal question presented cannot exist merely as a matter of defense or as a counterclaim." 14 C. Wright & A. Miller, Federal Practice and Procedure § 3722, at 557; *see Caterpillar Inc.*, 482 U.S. at 392 (stating that federal question jurisdiction must be "presented on the face of the plaintiff's properly pleaded complaint"); *Metro Ford Truck Sales, Inc.*

*v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998); *Metropolitan Life Ins. Co. v. Balinas,* 2002 WL 1298774, at *3 (E.D. La. June 10, 2002).

Here, the lawsuit filed in State court concerned a claim for breach of contract. There was no federal question presented in the state matter when the case was filed. The Bozgozes may not create federal jurisdiction by way of a defense based on federal law, or a counterclaim alleging violations of federal law. *See Franchise Tax Board of Cal. V. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 10 (1983), superseded on other grounds by statute.[2] This court lacks original federal question jurisdiction over this contract dispute.

Moreover, the Bozgozes have failed to show that they are unable to enforce their federal rights in the state court. *See Schaefgen v. O'Sullivan*, 2015 WL 4572238, *5 (D. Md. 2015). Ordinarily, a party to a state court proceeding is able to raise objections in the state proceeding on the basis of applicable federal constitutional provisions. "'Under our system of dual sovereignty . . . state courts have inherent authority, and are thus *presumptively competent*, to adjudicate claims arising under the laws of the United States.'" *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (quoting *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990)) (emphasis added in *Bullock*). A federal court has exclusive jurisdiction as to a federal cause of action if Congress "'affirmatively divest[s] state courts of their presumptively concurrent jurisdiction.'" *Id.* That is not the situation here. In addition, Maryland law provides for appellate review of adverse decisions of a Maryland circuit court. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts & Judicial

---

[2] The Bozgozes have also filed a motion which seemingly attacks and seeks relief from orders issued in the Circuit Court for Anne Arundel County and the District Court for Howard County. ECF 4. The motion shall be denied.

Proceedings Article.

The court turns to the matter of diversity jurisdiction. Under 28 U.S.C. § 1332(a)(1), federal district courts also have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." Diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the "citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

The Bozgozes have sought removal of an action filed in the State where they as the defendants are domiciled. Therefore, diversity jurisdiction is not available to them. *See* 28 U.S.C. § 1441(b); *see also*, *e.g.*, *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir.). In particular, the forum defendant rule in 28 U.S.C. § 1441(b) provides that removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Even if the Bozgozes can show diversity of citizenship, despite their Maryland domicile, it is questionable whether they can make a showing of the requisite amount in controversy. In this regard, I note that the relief sought in the State court action filed against them sought recovery of $62,512.35. *See* ECF 9-2 at 1-5.

### III. Conclusion

In light of the above, I conclude that the Notice of Removal was untimely filed. Moreover, as a matter of law, the Bozgozes are otherwise precluded from removing the case because this Court

8

lacks federal question jurisdiction or diversity jurisdiction. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted).

The motions to remand (ECF 7; ECF 9) shall be granted.[3] An Order follows.

Date: November 16, 2017                    /s/
                                    Ellen L. Hollander
                                    United States District Judge

---

[3] In light of the remand, I decline to consider Frances's motion to dismiss.