IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREDERIC ROUYER, *et al*.  \*
      Plaintiffs,
   v.  \* CIVIL ACTION NO. ELH-17-2870

MARGARET BOZGOZ, *et al*.  \*
      Defendants.
                      \*\*\*\*\*

## **MEMORANDUM**

Margaret and Robert Bozgoz filed a Notice of Removal in this Court (ECF 1), seeking to remove a breach of contract proceeding filed against them in the Circuit Court for Anne Arundel County, Maryland by Frederic and Natalie Rouyer. ECF 2. By Memorandum and Order of November 16, 2017 (ECF 13; ECF 14), the Court granted the motions to remand filed by the Rouyers and State Counter-Defendant Frances[1]; denied the Bozgozes' Motion for a Void Order Challenge; and remanded the case to the Circuit Court for Anne Arundel County. In remanding the case, the Court determined that the Notice of Removal was untimely filed, the Court did not have original jurisdiction over the breach of contract case filed in the circuit court, and the Bozgozes had not demonstrated that they were unable to enforce their federal rights in State court. ECF 13 at 4-9.

Nine days later, on November 27, 2017, the Bozgozes filed a motion for reconsideration, challenging the remand of the case. ECF 16. In support of their motion for reconsideration, the Bozgozes seemingly argue the factual background and merits of their case. *Id*. at 3-4. Further, they discuss the propriety of their removal of the case under the Employee Retirement Income

---

[1] In State court the Bozgozes filed a counterclaim against Frederic and Natalie Rouyer; Robert J. Frances, Director of the Howard County Department of Inspections, Licenses and Permits; and Samuel "Wayne" Killebrew, a retired housing inspector. ECF 2.

Security Act ("ERISA"). *Id*. at 4-5. The Bozgozes also argue that the Notice of Removal was filed in a timely manner. *Id*. at 2 & 9.

A party may move for a new trial or to alter or amend a judgment under Rule 59, or for relief from a judgment under Rule 60(b). *See MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). A motion to alter or amend filed within 28 days of judgment is analyzed under Rule 59(e). *See* Fed. R. Civ. P. 59(e). As the Bozgoes' Motion for Reconsideration was filed within 28 days from the entry of judgment, it shall be treated as a Rule 59(e) motion.

A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Although the plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment, the Fourth Circuit has clarified "that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

One purpose of Rule 59(e) is to "permit[] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). But, the Fourth Circuit has

cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.; see also Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995).

Put another way, a losing party's "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac Ins. Co.,* 148 F.3d at 403 (citation omitted).

The Bozgozes do not contend that there has been an intervening change in controlling law or newly discovered evidence. Rather, they take issue with the findings of the Court in the previously issued Memorandum. There is no basis to reconsider the Court's decision. Therefore, I will deny the motion for reconsideration. An Order follows.

Date: May 11, 2018                    /s/_____
                                      Ellen L. Hollander
                                      United States District Judge